# EXHIBIT A-1

# IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
# IN AND FOR PASCO COUNTY, FLORIDA
# CIVIL DIVISION

**Brian Shin**

*Plaintiff,*

v.

Case No.:

**Applied Data Finance, LLC d/b/a Personify Financial, and Trans Union, LLC**

**JURY TRIAL DEMANDED**

*Defendants.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Robert Shin, ("**Mr. Shin**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, Applied Data Finance, LLC doing business as Personify Financial ("**Applied Data**") and Trans Union LLC ("**Trans Union**"), (jointly, the "**Defendants**") stating as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages not greater than $50,000, exclusive of attorneys' costs and fees, against the Defendants for violations of the violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq ("**FCRA**") and against Applied Data for Breach of Contract.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA and § 34.01, Fla. Stat.

3. The Defendants are subject to the provisions of the FCRA, and to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat.

4. Venue is proper in Pasco County, Florida, because the acts complained of were committed and / or caused within Pasco County by the Defendants.

## PARTIES

5. Mr. Shin is a natural person residing in the City of New Port Richey, Pasco County, Florida.

6. Mr. Shin is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. **Applied Data,** doing business as Personify Financial, is a Delaware limited liability company, with a principal business address of 15373 Innovation Drive, Suite 380, San Diego, CA 92128.

8. Applied Data's Florida registered agent is **Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301**.

9. **Trans Union** is a Delaware limited liability company, with a principal business address of 555 West Adams Street, Chicago, IL 60661.

10. Trans Union is registered to conduct business in the State of Florida, where its registered agent is **Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301**.

11. Trans Union is a Consumer Reporting Agency ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

12. On or about November 8, 2023, Mr. Shin filed a lawsuit against Applied Data for violating the Florida Civil Remedies for Criminal Practices Act and the Florida Consumer Protection Act in the County Court of the Sixth Judicial Circuit in and For Pasco County, Florida, case number 23-SC-5480.

13. On November 13, 2023, Applied Data was served with a true copy of the Complaint and Summons in the above referenced lawsuit.

14. Around February 22, 2024, Applied Data settled the lawsuit, denying liability but agreeing to, among other terms, releasing Mr. Shin from a loan he took out from Applied Data, which had a balance of $2,679.08 ("**Loan**").

15. Effectively, the settlement agreement entered into by both Mr. Shin and Applied Data waived the balance of the Loan and reduced it to $0.

16. After February 2024, Applied Data continued making *new* reports every month to Trans Union, re-alleging the Personify Financial was still owed by Mr. Shin, and has continued to do so as recently as August 2024.

17. Applied Data, when reporting its tradeline concerning Mr. Shin to Trans Union, falsely certified the debt being reported was lawful and legally owed, each and every month it reported the data.

18. In March 2024, Mr. Shin disputed the Applied Data tradeline to Trans Union, stating the amount was not owed and that the creditor (*i.e.*, Applied Data) had agreed to delete the balance from his credit report.

19. Trans Union's automated systems initiated an *Automated Consumer Dispute Verification* Request ("**ACDV**") which was delivered to Applied Data through a system known as e-OSCAR.

20. Applied Data responded to the ACDV, certifying to Trans Union that its information was accurate and required no update, change, or modification.

21. If a data furnisher like Applied Data decides to report disputed information as verified, "the question of whether the furnisher behaved reasonably will turn on whether the

furnisher acquired sufficient evidence to support the conclusion that the information was true." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295 (11th Cir. 2016).

22. Zero evidence exists to support the conclusion that Applied Data's reported data was true, and, indeed, could not possibly be true since Applied Data agreed to cease collection of the balance in February 2024, resulting in a $0 balance owed.

23. As such, Applied Data could not have possibly obtained any, much less sufficient evidence, to support that its reports were accurate.

24. Applied Data's confirmation of accuracy when it obviously was not accurate shows a willful disregard for its investigative duties under the FCRA.

25. Subsequent disputes in April, early July, and late July 2024 resulted in the same rubber-stamping of accuracy by Applied Data and Trans Union, without any real investigation.

26. Around August 6, 2024, Mr. Shin mailed Trans Union a redacted portion of the settlement agreement, highlighting the waiver of debt and the resulting $0 balance.

27. Around August 20, 2024, Trans Union mailed Mr. Shin confirmation it received his dispute, supposedly launched an "investigation" but concluded the $2,679 balance was still owed. **SEE PLAINTIFF'S EXHIBIT D.**

28. Mr. Shin made a follow-up dispute specifically referencing the settlement documents mailed to Trans Union earlier in the month.

29. This dispute, too, resulted in no change to the reporting.

30. At no point did Applied Data so much as report the debt as "disputed."

31. Trans Union also failed to make a reasonable investigation into Mr. Shin's dispute.

32. Upon receipt of the ACDV response, Trans Union utilized an automated system which made rudimentary checks of tradeline data between what Applied Data had reported and

the data contained in Trans Union's own file on Mr. Shin, *e.g.*, his name, address, date of birth, and Social Security number.

33. For at least the last 40 years, courts in this district have recognized that a CRA cannot rely upon its data furnisher exclusively, when the consumer disputes the accuracy of the furnisher's version of events and provides evidence to the contrary.

34. The CRA must make some independent investigation of its own, "Merely reporting whatever information the creditor furnished was not reasonable, especially where the defendant knew of the impending dispute between the [consumer] and [data furnisher]." *Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F. Supp. 972 (M.D.Fla.1985).

35. Trans Union's dispute resolution systems are heavily tilted in favor of its data furnishers, from whom it receives revenue monthly, and rest on the premises the data furnishers are always right, until categorically proven wrong by the consumer.

36. As a result, consumers like Mr. Shin are left in a scenario where their only way to have their credit report corrected rests on their ability to disprove a negative.

37. Here, Trans Union was provided with information which was readily, easily, and objectively verifiable – the relevant parts of a legally-enforceable agreement between Plaintiff and Applied Data was furnished to Trans Union, along with a case number and the court in which it was filed.

38. Despite providing an agreement from Applied Data which released Mr. Shin from any obligation to the Loan, indicating Mr. Shin owed no debt, and the record of Mr. Shin's lawsuit being public record, easily verifiable by Trans Union, tradeline data with an outstanding balance was nonetheless verified as "accurate" by Trans Union.

39. Trans Union made no attempt to investigate Mr. Shin's claims, and instead relied solely upon the ACDV confirmation from Applied Data.

40. Trans Union's dispute resolution policies heavily tilt toward their data furnishers, from whom they receive revenue monthly, and away from consumers, who provide little or no revenue to Trans Union.

41. As a result, in the eyes of Trans Union, a detailed, meritorious dispute with copious documentation is insufficient to overcome Applied Data's simply checking of a box confirming its information was "verified as accurate," even though Applied Data provided no information to Trans Union suggesting it did not agree to discharge Mr. Shin's alleged debt.

42. In July 2024 and August 2024, Mr. Shin applied for a home loan with American Financial Network, seeking to purchase the home he was renting.

43. American Financial Network obtained copies of Mr. Shin's credit reports, including one from Trans Union.

44. The presence of what appeared to be an unpaid charge-off contributed toward Mr. Shin not being approved for the home loan, despite having FICO scores well above 660, typically more than sufficient to be approved for a loan backed by the Federal Housing Administration ("**FHA**").

45. Other creditors, and potential creditors, of Mr. Shin have received copies of his Trans Union report containing the false Personify Financial (Applied Data) tradeline, showing a purported unpaid balance.

46. Mr. Shin has suffered significant actual damages from Defendants failures to correct his report, including lost economic opportunities, money spent as rent instead of ownership equity in his own home, diminished credit scores and credit capacity, mental anguish and frustration, and more.

47. Therefore, Mr. Shin has hired the aforementioned law firm to represent him in this matter and has assigned his right to attorney fees and costs to the law firm.

## COUNT I
## TRANS UNION'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

48. Mr. Shin adopts and incorporates paragraphs 1 – 47 as if fully stated herein.

49. Trans Union violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Shin when Trans Union sold reports which reported a balance due to Personify Financial, when no balance was owed, and Trans Union knew via Mr. Shin's disputes no balance was owed.

50. Trans Union has been sued before for identical conduct and is thus aware that its procedures for ensuring accuracy of reports are flawed, particularly pertaining to the prevention of duplicate tradelines.

51. Trans Union's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

52. Accordingly, Trans Union is liable, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Shin's actual damages or statutory damages of $1000 per violation, plus punitive damages, reasonable attorneys' fees, and costs.

WHEREFORE, Mr. Shin respectfully requests this Honorable Court enter judgment against Trans Union for:

   a. The greater of Mr. Shin's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

   b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

   d. Such other relief that this Court deems just and proper.

## COUNT II
## TRANS UNION'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
**(Pled in the Alternative to Count I)**

53. Mr. Shin adopts and incorporates paragraphs 1 – 47 as if fully stated herein, and pleads this count strictly in the alternative to Count I.

54. Trans Union violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Shin when Trans Union sold reports which reported a balance due to Personify Financial, when no balance was owed, and Trans Union knew via Mr. Shin's disputes no balance was owed.

55. Trans Union acted negligently, and is liable, pursuant to 15 U.S.C. § 1681o, for Mr. Shin's actual damages, reasonable attorneys' fees, and costs.

WHEREFORE, Mr. Shin respectfully requests this Honorable Court enter judgment against Trans Union for:

a. Mr. Shin's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## COUNT III
## TRANSUNION'S WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)

56. Mr. Shin hereby incorporates paragraphs 1 –47 as if fully stated herein.

57. Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) when it failed, on at least five separate occasions, to conduct a reasonable investigation into a dispute of the Personify Finance tradeline by Mr. Shin, since any reasonable investigation would have concluded that the Personify Finance account did not have any balance owed, and this information was readily and objectively verifiable.

58. Trans Union did not so much update its reporting to disclose the "debt" was disputed by Mr. Shin and should report as such.

59. Trans Union's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

60. Trans Union's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Shin.

61. Accordingly, pursuant to 15 U.S.C. § 1681n, Trans Union is liable to Mr. Shin for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

WHEREFORE, Mr. Shin respectfully requests this Honorable Court to enter judgment against Trans Union for:

a. The greater of statutory damages of $1,000 per incident or Mr. Shin's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

### COUNT IV
### TRANSUNION'S NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)
*Pled in the alternative to Count III*

62. Mr. Shin hereby incorporates paragraphs 1 – 47 as if fully stated herein.

63. Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) when it failed, on at least five separate occasions, to conduct a reasonable investigation into a dispute of the Personify Finance tradeline by Mr. Shin, since any reasonable investigation would have concluded that the Personify Finance account did not have any balance owed, and this information was readily and objectively verifiable.

64. Trans Union owed Mr. Shin a legal duty to conduct a reasonable investigation into his disputes.

65. Trans Union breached this duty when it verified its reported information as accurate after investigating Mr. Shin's disputes.

66. Trans Union's conduct was thus negligent, and as a result, pursuant to 15 U.S.C. § 1681o, Trans Union is liable to Mr. Shin for his actual damages, as well as his reasonable attorney's fees, and costs.

WHEREFORE, Mr. Shin respectfully requests this Honorable Court to enter judgment against Trans Union for:

a. Mr. Shin's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## COUNT V
## APPLIED DATA'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)

67. Mr. Shin hereby incorporates paragraphs 1 – 47 as if fully stated herein.

68. Applied Data violated 15 U.S.C. § 1681s-2(b) when it failed, on at least five separate occasions, to conduct a reasonable investigation after receiving notice of dispute of the Account from Trans Union, as any reasonable investigation would have concluded that the account

could not be verified as accurate, as Applied Data had signed an agreement which reduced the balance to $0, and this information which is readily and objectively verifiable.

69. Applied Data did not so much as update its reporting to indicate the disputed, discharged debt was disputed by Mr. Shin.

70. Applied Data's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

71. Applied Data's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Shin.

72. Accordingly, pursuant to 15 U.S.C. § 1681n, Applied Data is liable to Mr. Shin for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

WHEREFORE, Mr. Shin respectfully requests this Honorable Court to enter judgment against Applied Data for:

a. The greater of statutory damages of $1,000 per incident or Mr. Shin's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

### COUNT VI
### APPLIED DATA'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)
*Pled in the Alternative to Count V*

73. Mr. Shin hereby incorporates paragraphs 1 – 47 as if fully stated herein.

74. Applied Data violated 15 U.S.C. § 1681s-2(b) when it failed, on at least five separate occasions, to conduct a reasonable investigation after receiving notice of dispute of the Account from Trans Union, as any reasonable investigation would have concluded that the Account could not be verified as accurate, as Applied Data had signed an agreement which reduced the balance to $0, and this information which is readily and objectively verifiable.

75. Applied Data did not so much as update its reporting to indicate the disputed, discharged debt was disputed by Mr. Shin.

76. Applied Data owed Mr. Shin a legal duty to conduct a reasonable investigation into his disputes.

77. Applied Data breached this duty when it verified its reported information as accurate after investigating Mr. Shin's disputes.

78. Applied Data's conduct was thus negligent, and as a result, pursuant to 15 U.S.C. § 1681o, Applied Data is liable to Mr. Shin for his actual damages, as well as his reasonable attorney's fees, and costs.

WHEREFORE, Mr. Shin respectfully requests this Honorable Court to enter judgment against Applied Data for:

a. Mr. Shin's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## COUNT VII
## APPLIED DATA'S BREACH OF CONTRACT

79. Mr. Shin adopts and incorporates paragraphs 1 – 47 as if fully stated herein

80. Applied Data agreed to discharge the $2,679.08 balance it alleged owed and reduce it to $0.

81. Applied Data did not discharge this debt and attempted to continue to collect it from him *vis-à-vis* its monthly credit reporting to Trans Union.

82. Each monthly report was a *per se* attempt to collect the debt alleged therein.

83. Despite numerous requests to remediate the issue, Applied Data continued to breach its agreement with Mr. Shin.

84. The Plaintiff is entitled to attorney's fees and costs incurred in his attempt to enforce the terms of this agreement.

**WHEREFORE**, Mr. Shin respectfully requests that this Honorable Court enter judgment against Applied Data, awarding the Plaintiff:

    a. Actual damages from Defendants' breach of contract;

    b. The attorney's fees and costs spent enforcing the agreement; and,

    c. Such other relief as this Court deems as proper.

### JURY TRIAL DEMANDED

Mr. Shin hereby demands a jury trial on all issues so triable.

Respectfully submitted on October 30, 2024, by:

**SERAPH LEGAL, P. A.**
*/s/ Bridget L. Scarangella*
Bridget L. Scarangella, Esq.
Florida Bar No.: 1022866
BScarangella@seraphlegal.com
2124 West Kennedy Boulevard, Suite A
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 306)
Fax: 855-500-0705
*Counsel for Plaintiff*